In re Petition for DISCIPLINARY ACTION AGAINST William D. SCHUTTER, an Attorney at Law of the State of Minnesota.

No. C2–89–1260.

Supreme Court of Minnesota.

Nov. 16, 1989.

---

## ORDER

The Director of Lawyers Professional Responsibility filed a petition with this court alleging that the Respondent, William D. Schutter, had committed professional misconduct warranting public discipline. The petition stated that while Schutter was associated with the law firm of Babcock, Locher, Neilson & Mannella in Anoka, he began handling plaintiff medical malpractice cases. During the course of handling those cases, he repeatedly and seriously neglected nine medical malpractice cases and several other litigation matters. To cover up the neglect, he intentionally misrepresented the status of the cases to clients and to members of his own firm, or alternatively he avoided communicating with them so he did not have to reveal the true status of the claims. Such misrepresentations persisted in several cases for several years. Just before the commencement of a referee hearing on the Director's position, Schutter, represented by counsel, and the Director entered into a stipulation in which the Respondent unconditionally admits the allegations of the petition. Moreover, he acknowledged and stipulated that he knowingly failed to perform services for clients, engaged in a pattern of neglect which caused injury or potential injury to at least nine clients, that he deceived clients, and that as a result of such deception the clients were injured or potentially injured. He likewise acknowledged that he knowingly deceived his partners and associates regarding the status of client files and caused them injury or potential injury.

Furthermore, he admitted that although he has consulted a psychologist, he is not suffering from a severe psychological disability which was the cause of his misconduct nor during that period of time or any other period of time has he been chemically dependent. After the stipulation was entered into, the matter was presented to the referee who had been appointed by this court to make findings, conclusions, and recommendations. The referee, after being advised of the stipulation, and having a general idea of what the proof of the Director's office was going to be, recommended that the disposition in the stipulation be approved.

Upon our review of the petition, the original answer which was later withdrawn, the stipulation, and the recommendation of the referee, IT IS NOW ORDERED:

1. That the Respondent, William D. Schutter, is hereby indefinitely suspended pursuant to Rule 15 of the Rules on Lawyers Professional Responsibility with no right to apply for a reinstatement prior to July 1, 1991.

2. Before reinstatement, the Respondent shall convince this court that he has undergone a moral change, is psychologically fit to represent clients, and has developed character and personality traits necessary for trustworthiness, that he has passed the professional responsibility portion of the Minnesota State Bar Examination, and that he has complied with Rule 26, Rules on Lawyers Professional Responsibility, and the requirement to pay costs and disbursements pursuant to Rule 24(a) and (b) of the Rules on Lawyers Professional Responsibility.

3. Readmission at a future date shall be, in the discretion of the court, conditioned on a supervised probation which may include restriction of the right to practice law in the area of medical malpractice.